**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  **v.**                                **Crim. Action No.: 1:21CR27-9**
                                                          **(Judge Kleeh)**

**WILLIAM D. CHARLESTON,**

        **Defendant.**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY IN FELONY CASE [DKT. NO. 82],
ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

On June 24, 2021, the Defendant, William D. Charleston ("Charleston"), appeared before United States Magistrate Judge Michael J. Aloi and moved for permission to enter a plea of **GUILTY** to Count Twenty-Four of the Indictment, charging him with Possession with Intent to Distribute Heroin and Fentanyl in Proximity to a Protected Location, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860(a). Charleston stated that he understood that the magistrate judge is not a United States District Judge, and Charleston consented to pleading before the magistrate judge. This Court referred Charleston's plea of guilty to the magistrate judge for the purpose of administering the allocution, pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was

**USA v. CHARLESTON**                                                              1:21CR27

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY IN FELONY CASE [DKT. NO. 82],
ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

Based upon Charleston's statements during the plea hearing, and the Government's proffer establishing that an independent factual basis for the plea existed, the magistrate judge found that Charleston was competent to enter a plea, that the plea was freely and voluntarily given, that Charleston was aware of the nature of the charges against him and the consequences of his plea, and that a factual basis existed for the tendered plea.  The magistrate judge issued a *Report and Recommendation Concerning Plea of Guilty in Felony Case* ("R&R") [Dkt. No. 82] finding a factual basis for the plea and recommending that this Court accept Charleston's plea of guilty to Count Twenty-Four of the Indictment.

The magistrate judge **remanded** Defendant to the custody of the United States Marshals Service.

The magistrate judge also directed the parties to file any written objections to the R&R within fourteen (14) days after service of the R&R.  He further advised that failure to file objections would result in a waiver of the right to appeal from a judgment of this Court based on the R&R.  Neither Charleston nor the Government filed objections to the R&R.

**USA v. CHARLESTON**                                                                 **1:21CR27**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [DKT. NO. 82], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

Accordingly, this Court **ADOPTS** the magistrate judge's R&R [Dkt. No. 82], provisionally **ACCEPTS** Charleston's guilty plea, and **ADJUDGES** him **GUILTY** of the crime charged in Count Twenty-Four of the Indictment.

Pursuant to Fed. R. Crim. P. 11(c)(3) and U.S.S.G. § 6B1.1(c), the Court **DEFERS** acceptance of the proposed plea agreement until it has received and reviewed the presentence investigation report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 et seq., the Court **ORDERS** the following:

1. The Probation Officer shall undertake a presentence investigation of Charleston, and prepare a presentence investigation report for the Court;

2. The Government and Charleston shall each provide their narrative descriptions of the offense to the Probation Officer by **August 3, 2021;**

3. The presentence investigation report shall be disclosed to Charleston, his counsel, and the Government on or before **October 4, 2021;** however, the Probation Officer shall not disclose any sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

**USA v. CHARLESTON** 1:21CR27

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [DKT. NO. 82], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

4. Counsel may file written objections to the presentence investigation report on or before **October 18, 2021;**

5. The Office of Probation shall submit the presentence investigation report with addendum to the Court on or before **November 1, 2021;** and

6. Counsel may file any written sentencing memorandum or statements and motions for departure from the Sentencing Guidelines, including the factual basis for the same, on or before **November 15, 2021.**

The Court further **ORDERS** that prior to sentencing, counsel for Defendant review with him the revised Standard Probation and Supervised Release Conditions adopted by this Court on November 29, 2016, pursuant to the standing order entered by Chief Judge Groh, In Re: Revised Standard Probation and Supervised Release Conditions, 3:16-MC-56.

The Court will conduct the **Sentencing Hearing** for Charleston on **December 6, 2021,** at **9:30 a.m.,** at the **Clarksburg, West Virginia** point of holding court. If counsel anticipates having multiple witnesses or an otherwise lengthy sentencing hearing, please notify the Judge's chamber staff so that an adequate amount of time can be scheduled.

4

**USA v. CHARLESTON** 1:21CR27

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [DKT. NO. 82], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: July 29, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE